IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KENNETH CHRISTISON, *individually and as surviving spouse of Annalee Christison, deceased, and as personal representative of the estate of Annalee Christison, deceased*,<br><br>Plaintiff,<br><br>v.<br><br>BIOGEN IDEC,<br><br>ELAN PHARMACEUTICALS, LLC,<br><br>Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:11-cv-01140-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

## I.  INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket No. 117.) On June 13, 2014, Defendants filed a joint motion to compel discovery from Plaintiff.  (Dkt. No. 116.)  For the reasons set forth below, the Court **GRANTS** the motion.

## II.  BACKGROUND

Plaintiff alleges that Defendants negligently developed and marketed Tysabri, a multiple sclerosis medication.  (*See* Dkt. No. 96 at 14-24.)  Defendants failed to test Tysabri sufficiently and failed to warn patients who took Tysabri that the medication increased their risk for developing a brain disease called Progressive Multifocal Leukoencephalopathy ("PML").  (*Id.*)

Due to Defendants' negligence, Plaintiff's wife, who took Tysabri for multiple sclerosis, developed and died from PML. (*Id.*)

### III. DEFENDANTS' MOTION TO COMPEL

Defendant Biogen moves Plaintiff to respond to document production request Nos. 1 and 10. Defendant Biogen's document production requests ask for documents that "support" Plaintiff's complaint "allegations." (Dkt. No. 116, Ex. A.) For instance, document production request No. 10 asks Plaintiff to produce "[a]ll documents which [Plaintiff] contend[s] support [his] allegations that Defendants acted []with the intent to defraud, deceive and mislead." (*Id.*)

Defendant Elan moves Plaintiff to respond to document production request Nos. 2 through 10. Defendant Elan's document production requests ask for documents "that support, rebut or otherwise relate to [] contentions" Plaintiff made in his complaint. (Dkt. No. 116, Ex. B.) For example, document production request No. 2 asks Plaintiff for "[a]ll documents that support, rebut or otherwise relate to [his] contention that Defendants 'concealed that the product was not as safe as alternatives.'" (*Id.*)

Defendant Elan also moves Plaintiff to respond to interrogatory Nos. 1 through 24. Defendant Elan's interrogatories ask Plaintiff to "[i]dentify all facts, documents, and witnesses upon which [Plaintiff] rel[ies] and state the basis for . . . contention[s]" in Plaintiff's complaint. (Dkt. No. 116, Ex. C.) For instance, interrogatory No. 1 asks Plaintiff to "[i]dentify all facts, documents, and witnesses upon which [Plaintiff] rel[ies] and state the basis for [his] contention in ¶ 21 of the Complaint . . . ." (*Id.*)

Plaintiff opposes Defendants' motion to compel under the work-product privilege. Plaintiff claims he only withheld responsive documents "compiled" by his counsel "in anticipation of litigation . . . ." (Dkt. No. 118 at 2.) *See* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may

not discover documents . . . that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ."). *See also Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 668 (10th Cir. 2006) ("[W]ork product protection [] applies to attorneys' . . . mental impressions, conclusions, opinions, or legal theories authored in anticipation of litigation.").

Plaintiff explains that he "based" most of his complaint on "millions of pages of documents" that Defendants provided to Plaintiff's counsel. (Dkt. No. 118 at 3.) As such, requiring Plaintiff's counsel to reproduce "a select group of documents from the millions that Defendants have produced . . . would improperly reveal Plaintiff counsel's legal theories and opinions regarding the vital documents in the case that Plaintiff's counsel intends to use at trial." (*Id.*)[1]

To support his work-product privilege argument, Plaintiff relies heavily on non-binding case law. (Dkt. No. 118 at 3) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1326 (8th Cir. 1986) (applying work-product privilege to protect opposing counsel from acknowledging "the existence of corporate documents" in a deposition because "mere acknowledgment . . . would reveal counsel's mental impressions" where counsel had "engaged in a selective process of compiling documents from among voluminous files in preparation for litigation . . . ."); *Sporck v.*

---

[1] Plaintiff also argues that the work-product privilege protects his discovery responses because the responses "would encompass" documents Plaintiff collected in a similar litigation set for trial in another jurisdiction. (Dkt. No. 118 at 4.) However, the Court rejects this argument due to its underdeveloped nature. For instance, the cases Plaintiff cites to support this argument do not stand for the sweeping proposition that the work-product privilege protects documents collected in other litigations. (*See id.* at 4-5) (citing *Religious Tech. Ctr. v. F.A.C.T.Net, Inc.*, 945 F. Supp. 1470, 1480 (D. Colo. 1996) (applying work-product privilege to documents that defendants' attorney prepared in a different case only because the attorney prepared the documents "in connection with the expert consulting" he performed in that case); *Snowden v. Connaught Labs., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991) (noting "[it] can be argued that the . . . compilation of records and documents and the direction of discovery by counsel in prior lawsuits is a reflection of the 'mental processes' of counsel," but concluding that "such records and documents, once filed with the court . . . are normally a matter of public knowledge.")).

*Peil*, 759 F.2d 312, 316 (3d Cir. 1985) (applying work-product privilege to "selection and compilation of documents by counsel" when preparing for deposition because "[i]n selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case.")).

For several reasons, the Court finds Plaintiff's reliance on the aforementioned case law unpersuasive. Initially, the Court notes that the cases above dealt with documents reviewed in the context of depositions. In contrast, the documents at issue in this case relate directly to specific allegations that Plaintiff made in his complaint, and Plaintiff "intends to use [the documents] at trial." (Dkt. No. 118 at 3.) *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1018 (1st Cir.1988) (questioning the applicability of *Shelton* and *Sporck* to situations where the discovery sought "would soon be revealed in any event," and rejecting the idea that "the revelatory nature of the sought-after information is, in itself, sufficient to cloak the information" under work-product privilege).

Additionally, this Court could not locate Tenth Circuit case law recognizing a work-product privilege for an attorney's compilation of select documents. In fact, cases from district courts within the Tenth Circuit question such a privilege. *See Williams v. Sprint/United Mgmt. Co.*, Civil Action No. 03-2200-JWL-DJW, 2007 WL 634873, at *4 (D. Kan. Feb. 27, 2007) (unpublished) (refusing to follow *Shelton* and *Sporck*, and instead concluding "that mere selection and grouping of information does not transform discoverable documents into work product."); *Resolution Trust Corp. v. Heiserman*, 151 F.R.D. 367, 374 (D. Colo. 1993) (finding *San Juan* "considerably more persuasive" than *Sporck*, and cautioning that, "[t]aken to its logical conclusion," the claim that "selecting documents represents counsel's mental impressions and legal opinions" would "render[] virtually all document requests . . . opinion work-product . . . .").

The District of Utah has not definitively ruled on this issue.  In a previous case, a court within the District of Utah cited *Sporck* to find that a work-product privilege "may" have applied to discovery requests that required plaintiffs' counsel "to engage in a process of selective compilation of documents they believe[d] 'tend[ed] to prove' their case." *P.J. ex rel. Jensen v. Utah*, 247 F.R.D. 664, 673 (D. Utah 2007).  Despite so finding, the court still required plaintiffs to produce documents they "intend[ed] to use at trial related to the contention[s]" in their complaint.  *Id.* (emphasizing that defendants were "entitled to discover the material facts that support[ed] [p]laintiffs' claims.").

Because district courts within the Tenth Circuit have hesitated about broadly applying the work-product privilege to an attorney's compilation of select documents, this Court concludes that circumstances in this case do not warrant such an application.[2]

Moreover, the Court finds Defendants' arguments for compelling discovery persuasive. (Dkt. No. 116 at 2.)  Defendants reasonably argue that Plaintiff must respond to their document production requests because Fed. R. Civ. P. 26(a)(1)(A)(ii) requires Plaintiff to provide documents that Plaintiff "may use to support [his] claims or defenses . . . ." *See also Presbyterian Manors, Inc. v. Simplexgrinnell*, *L.P.*, No. 09-2656-KHV, 2010 WL 4942110, at *3 (D. Kan. Nov. 30, 2010) (unpublished) (refusing to apply work-product privilege to a document production request that sought "any documents supporting the allegations in Paragraph 18 of Plaintiff's complaint" because this request was "similar to Fed. R. of Civ. P. 26(a)(1)(A)(ii) . . . .").

Similarly, Defendants persuasively argue that Plaintiff must answer Defendant Elan's contention interrogatories because such interrogatories merely serve "to narrow and define issues

---

[2] In so concluding, the Court recognizes there may be circumstances where, depending on the discovery at issue, the work-product privilege may shield the discovery.

for trial and to enable the propounding party to determine the proof required to rebut the respondent's position." (Dkt. No. 116 at 2) (citing *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000) ("An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case.")). *See also Adams v. Gateway, Inc.*, No. 2:02-CV-106 TS, 2003 WL 23787856, at *8 (D. Utah Dec. 30, 2003) (unpublished) (reiterating that work-product privilege is not "intended to protect underlying or independent facts.").

## IV. ORDERS

For the reasons analyzed above, the Court **GRANTS** Defendants' joint motion to compel discovery from Plaintiff. (Dkt. No. 116.) Plaintiff must produce responses and all non-privileged documents responsive to: (1) Defendant Biogen's document production request Nos. 1 and 10; (2) Defendant Elan's document production request Nos. 2 through 10; and (3) Defendant Elan's interrogatories Nos. 1 through 24.

Dated this 29th day of July, 2014.

By the Court:

Dustin B. Pead
United States Magistrate Judge