IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KENNETH CHRISTISON, *individually and as surviving spouse of Annalee Christison, deceased, and as personal representative of the estate of Annalee Christison, deceased*,<br><br>Plaintiff,<br>v.<br><br>BIOGEN IDEC, and ELAN PHARMACEUTICALS, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANTS' OBJECTION AND AFFIRMING MAGISTRATE JUDGE'S DECISION**<br><br>Case No. 2:11-cv-01140-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

On February 23, 2015, Defendants filed a motion to exclude the report of Dr. Eugene Major and to disqualify him as an expert in this case.[1] Magistrate Judge Pead received briefing from both parties and denied the motion in a Memorandum Decision ("Decision").[2] Defendants disagreed with Judge Pead's Decision, and filed an Objection outlining the perceived errors.[3] For the reasons stated below, Defendants' Objection is OVERRULED and Magistrate Judge Pead's Decision is AFFIRMED.

**STANDARD OF REVIEW**

When an objection to a magistrate judge's decision is received within 14 days of the date of the order, "[t]he district judge in the case must consider [the] timely objection[] and modify or

---

[1] Defendants' Joint Motion to Disqualify Eugene Major as an Expert Witness in this Matter and to Strike Expert Report, and Memorandum of Points and Authorities in Support, docket no. 136, filed February 23, 2015.

[2] Memorandum Decision ("Decision"), docket no. 146, entered March 30, 2015.

[3] Defendants' Rule 72 Objection to the Magistrate's Order Denying Defendants' Joint Motion to Exclude Dr. Major's Report and to Disqualify Dr. Major as an Expert ("Objection"), docket no. 147, filed April 3, 2015.

set aside any part of the order that is clearly erroneous or is contrary to law."[4] Here, Judge Pead entered his Decision on March 30, and Defendants filed their Objection on April 3. Therefore, the timely objection is reviewed to determine whether the Decision is clearly erroneous or contrary to law.

## DISCUSSION

Defendants make two main arguments in their Objection. They argue that all litigants—not just the government—should be able to invoke the DHHS *Touhy* regulations. They also argue that Judge Pead used incorrect standards in his Decision. Each of these arguments will be discussed below.

### Defendants Do Not Have Standing to Invoke the Regulation

Defendants argue that all litigants—not just the government—should be able to invoke the DHHS *Touhy* regulations. They contend that there is nothing in the *Touhy* regulations that limits standing to the government alone, and that "[t]he onus should not be on the government to seek out improper testimony about which it was not made aware; the process *as set out under federal regulation* requires Dr. Major to seek authorization *prior to* offering expert testimony concerning information acquired in the course of performing his official duties."[5]

However, Defendants do not cite to any authority establishing that private litigants can invoke the regulations. Without authority, the Defendants fail to meet the movant's burden.

### Judge Pead Used Correct Standards

Defendants also argue that Judge Pead "used the incorrect standard in applying the *Touhy* regulations to Dr. Major."[6] Defendants contend that Judge Pead's finding "that the regulations

---

[4] Fed. R. Civ. P. 72(a).

[5] Objection at 5 (emphasis in original).

[6] *Id.* at 4.

did not create an evidentiary privilege and did not change the Federal Rules of Civil Procedure" was incorrect because "[t]he relevant legal standard here is not whether the regulations create an evidentiary privilege, but whether Dr. Major is even authorized to proffer testimony because he has failed to even attempt to comply with DHHS's *Touhy* regulations."[7]

The regulation at issue provides that "[n]o employee or former employee of the DHHS may provide testimony or produce documents . . . *concerning information acquired in the course of performing official duties* . . . unless authorized by the Agency head . . . ."[8] Thus, if information was *not* acquired in the course of performing official duties, Section 2.3 does not require the Agency head to approve it. For that reason, it is essential to know which information is alleged to have been acquired in the course of performing official duties.

However, Defendants failed to identify any testimony that is alleged to have been acquired by Dr. Major in the course of performing official duties. Instead, they filed a motion to *entirely* strike Dr. Major's report and exclude him completely from this litigation. This broad request for relief required Judge Pead to first decide the purpose of Section 2.3. He concluded that "Section 2.3 merely creates an internal system for DHHS to control the flow of information out of its offices. The regulation does not create an evidentiary privilege or augment the Federal Rules of Civil Procedure."[9]

After determining the purpose of Section 2.3, Judge Pead analyzed Defendants' motion exclude and strike under Rule 26, which was appropriate. While Defendants argue the motion should have been analyzed under the framework of Dr. Major's compliance with the regulation, Defendants had not shown the regulation had been triggered. That is, they had not attempted to

---

[7] *Id.*

[8] 45 C.F.R. § 2.3 (emphasis added).

[9] Decision at 3.

narrow their request to any "discrete pieces of information that Dr. Major received and should not discuss"[10] but instead, had broadly "attempt[ed] to exclude his testimony altogether."[11] Thus, Defendants had not identified any "information acquired in the course of performing official duties" and Judge Pead properly analyzed the motion as a Rule 26 motion. Judge Pead went on to analyze the cases cited by Defendants in support of their motion, and concluded that "none of them convince the Court that exclusion is warranted here."[12] Therefore, Judge Pead used the correct standards to analyze Defendants' motion.

## ORDER

IT IS HEREBY ORDERED that Defendants' Objection[13] is OVERRULED and Magistrate Judge Pead's Decision[14] is AFFIRMED.

Dated June 2, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[10] *Id.* at 4.

[11] *Id.*

[12] *Id.* at 3.

[13] Defendants' Rule 72 Objection to the Magistrate's Order Denying Defendants' Joint Motion to Exclude Dr. Major's Report and to Disqualify Dr. Major as an Expert ("Objection"), docket no. 147, filed April 3, 2015.

[14] Memorandum Decision ("Decision"), docket no. 146, entered March 30, 2015.