IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KENNETH CHRISTISON, Individually and as Surviving Spouse of Annalee Christison, Deceased, and as Personal Representative of the Estate of Annalee Christison, Deceased,<br><br>          Plaintiff,<br><br>v.<br><br>BIOGEN IDEC INC. AND ELAN PHARMACEUTICALS, LLC,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION AND AFFIRMING MAGISTRATE JUDGE'S DECISION**<br><br>Case No.: 2:11-cv-01140-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin Pead |

## BACKGROUND

Plaintiff Kenneth Christison filed a Motion for Leave to Amend his First Amended Complaint ("Motion to Amend")[1] seeking to add a claim for negligent undertaking. Defendants Biogen Idec Inc. ("Biogen") and Elan Pharmaceuticals, LLC ("Elan") (collectively, "Companies") opposed the Motion to Amend ("Opposition").[2] Mr. Christison filed a Reply in support of the Motion.[3]

The Motion to Amend was based on the disclosure of a Materials Licensing Agreement ("MLA") which Biogen entered into with the National Institute of Health ("NIH").[4] Mr.

---

[1] Plaintiff's Motion for Leave to Amend First Amended Complaint ("Motion to Amend"), docket no. 169, filed Dec. 15, 2015.

[2] Defendants' Joint Opposition to Plaintiff's Motion for Leave to Amend First Amended Complaint ("Opposition"), docket no. 171, filed Jan. 4, 2016.

[3] Plaintiff's Reply to Defendants' Joint Opposition to Plaintiff's Motion for Leave to Amend First Amended Complaint ("Reply"), docket no. 174, filed Jan. 18, 2016.

[4] Motion to Amend at 3.

Christison argued that the MLA supported the new claim for negligent undertaking[5] and, because the MLA was not disclosed by Biogen until September 2015, there was no "undue delay or bad faith" in filing the Motion to Amend.[6] The Companies disagreed, arguing that the Motion to Amend was untimely.[7] The Companies noted that the deadline to amend pleadings was May 29, 2014, over a year and a half before Mr. Christison filed the Motion to Amend.[8] The Companies argued that Mr. Christison was aware of the MLA by at least January 2015 and should have moved to amend then. The Companies also argued that the Motion to Amend was futile for multiple reasons.[9] The Motion to Amend was referred to Magistrate Judge Pead under 28 U.S.C. § 636(b)(1)(A).[10]

After considering the briefing, Judge Pead denied the Motion to Amend ("Decision").[11] Judge Pead concluded that Mr. Christison had not demonstrated good cause for the untimely filing[12] and that amendment would be futile because Mr. Christison had not alleged the required elements for a claim of negligent undertaking.[13] Mr. Christison objects to Judge Pead's Decision ("Objection").[14]

---

[5] *Id.* at 5.

[6] *Id.* at 9.

[7] Opposition at 3.

[8] *Id.* at 1.

[9] *Id.* at 2.

[10] Docket Text Order Referring Case to Magistrate Judge Dustin B. Pead under 28:636 (b)(1)(A), docket no. 117, entered June 23, 2014.

[11] Memorandum Decision ("Decision"), docket no. 186, filed May 11, 2016.

[12] *Id.* at 3.

[13] *Id.* at 5.

[14] Plaintiff's Rule 72 Objection to the Magistrate's Order Denying Plaintiff's Motion for Leave to Amend First Amended Complaint ("Objection"), docket no. 187, filed May 25, 2016.

## STANDARD FOR REVIEWING MAGISTRATE JUDGE DECISIONS

When reviewing orders of the magistrate judge resolving non-dispositive pretrial matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[15] For orders resolving dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[16]

Judge Pead's Decision finding Mr. Christison's motion to amend untimely would normally be reviewed under the first standard,[17] but because it was coupled with a "futility" analysis, the entire order is reviewed de novo.[18] Some courts have found that when a magistrate judge's ruling on a motion to amend is based on futility, the ruling should be reviewed de novo.[19] "The thinking reflected in these cases is that by declaring a proposed amendment futile, the magistrate judge has effectively engaged in the Rule 12(b)(6) analysis and has decided the

---

[15] Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

[16] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) (stating that de novo review shall be made for dispositive rulings under subparagraph (B)).

[17] *See Pagan v. Frank*, 983 F.2d 343 (1st Cir. 1993) (finding a motion to amend a non-case-dispositive matter that is subject to the clearly erroneous or contrary to law standard); *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, 594 F. Supp. 583 (D. Me. 1984) (same); *Rubin v. Valicenti Advisory Services, Inc.*, 471 F. Supp. 2d 329 (W.D.N.Y. 2007) (same); *Palmer v. Monroe County Sheriff*, 378 F. Supp. 2d 284 (W.D.N.Y. 2005) (same); *Acme Electric Corp. v. Sigma Instruments, Inc.*, 121 F.R.D. 26 (W.D.N.Y. 1988) (same); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778 (E.D.N.C. 2011) (same); *Ambrose v. Southworth Products Corp.*, 953 F. Supp. 728 (W.D. Va. 1997) (same); *Bryant v. Mississippi Power & Light Co.*, 722 F. Supp. 298 (S.D. Miss. 1989) (same); *Sana v. Hawaiian Cruises, Ltd.*, 961 F. Supp. 236 (D. Haw. 1997), *rev'd on other grounds*, 181 F.3d 1041 (9th Cir. 1999) (same).

[18] *See Wood v. World Wide Ass'n of Specialty Programs and Schools, Inc.*, No. 2:06-cv-708-TS, 2008 WL 4065622, *1 (D. Utah Aug. 26, 2008) (unpublished) ("Because the record establishes that it would be futile to grant leave for further amendment, making this order potentially dispositive, the Court's ruling is on a de novo review of the entire record.").

[19] *Id.* (citing *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006)); *Allendale Mut. Ins. Co. v. Rutherford*, 178 F.R.D. 1 (D. Me. 1998); *Mueller Co. v. U.S. Pipe & Foundry Co.*, 351 F. Supp. 2d 1 (D.N.H. 2005); *HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317 (S.D.N.Y. 1999).

amendment fails to state a claim, thus making the decision dispositive."[20] It is unclear whether such rulings should be reviewed under a de novo standard.[21] However, out of caution, Judge Pead's entire Decision will be reviewed de novo.

Under a de novo review a court "should make an independent determination of the issues . . . ; [it] is not to give any special weight to the [prior] determination . . . . The district judge is free to follow [a magistrate's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew."[22]

## DISCUSSION

### Judge Pead's Timeliness Ruling Is Correct

Judge Pead concluded that Mr. Christison had not demonstrated good cause for the untimely filing.[23] Following a recent Tenth Circuit decision, Judge Pead noted that while leave to amend is "freely" given, if a scheduling deadline passes, "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Rule 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."[24] "Under Rule 16(b)(4)," Judge Pead continued, "a scheduling order 'may be modified only for good cause and with the judge's consent.'"[25] Good cause could not be found in Mr. Christison's situation, Judge Pead found, because Mr. Christison had not identified any "new information in the [MLA] that was necessary for him to bring the negligent

---

[20] *Hall*, 469 F.3d at 595.

[21] *Compare id.* (finding that motions to amend are not included in the list of "dispositive" motions in 28 U.S.C. § 636(b)(1)(A), so they should not be reviewed de novo regardless of a finding of futility); *with Wood*, 2008 WL 4065622 at *1 ("Because the record establishes that it would be futile to grant leave for further amendment, making this order potentially dispositive, the Court's ruling is on a de novo review of the entire record.").

[22] *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir.1988) (citations and quotation marks omitted).

[23] Decision at 3.

[24] *Id.* at 2 (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015)).

[25] Decision at 2 (quoting *Birch*, 812 F.3d at 1247).

4

undertaking claim."[26] Furthermore, Judge Pead explained, Mr. Christison was aware of the existence of the MLA at least by January 2015, eleven months before filing the Motion to Amend,[27] "because his own expert discussed the [MLA] in his expert report."[28] Therefore, Judge Pead concluded that Mr. Christison "knew of the underlying conduct but simply failed to raise his tort claim, thus the claim is barred."[29]

Mr. Christison argues that Judge Pead failed to consider multiple new facts from the recently-disclosed Materials Licensing Agreement ("MLA") and argues that the negligent undertaking claim could not have been added to the Complaint any earlier because Mr. Christison did not have enough evidence to establish good cause until the MLA was disclosed.[30]

Mr. Christison is incorrect. "Courts have denied leave to amend where the moving party was aware of facts on which the amendment was based for some time prior to the filing of the motion to amend."[31] "Lateness does not of itself justify the denial of the amendment," but the "longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court . . . ."[32] The Tenth Circuit "focuses primarily on the reasons for the delay."[33] If a party has "no adequate explanation" for its delay in filing a motion to amend, "denial of leave to amend is appropriate[.]"[34]

---

[26] Decision at 3.

[27] *Id.* at 3-4.

[28] *Id.* at 4.

[29] *Id.* (quoting *Birch*, 812 F.3d at 1247) (internal quotation marks omitted, alterations adopted).

[30] Objection at 3.

[31] *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

[32] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

[33] *Id.* at 1206.

[34] *Id.*

As Judge Pead correctly noted, the Motion to Amend was filed many months after the deadline for amending pleadings had passed.[35] Thus, the Motion to Amend is untimely and Mr. Christison was required to establish "good cause" for the amendment.[36] Even Mr. Christison recognized that "[u]ntimeliness itself can be a sufficient reason to deny leave to amend, but only when the movant is unable to provide adequate explanation for the delay."[37]

The only explanation or "good cause" Mr. Christison offers is that he could not have brought the Motion to Amend earlier because he didn't have the support to do so.[38] But this argument is contradicted by the expert report of Dr. Eugene Major. Dr. Major's January 2015 expert report states not only that he was aware of the MLA, but that *Biogen could have made the assay commercially available as early as 2007* but failed to do so.[39] Thus, Mr. Christison knew as early as January 2015, through his expert Dr. Major, that the MLA existed[40] and that Biogen, according to Mr. Christison's expert, should have made the assay commercially available sooner.[41] This is the exact basis for the negligent undertaking claim—delay in making the assay available.

Mr. Christison attempts to dismiss Dr. Major's knowledge of the MLA by arguing that "the sparse information Dr. Major provided in his report amounted to no more than a general reference to a technology transfer" and that Dr. Major did not know the details of the MLA. But

---

[35] Decision at 3 (citing Scheduling Order, docket no. 121, entered Aug. 6, 2014).

[36] *Birch*, 812 F.3d at 1247.

[37] Motion to Amend at 9.

[38] Objection at 6.

[39] Expert Report of Dr. Eugene Major ("Major Expert Report") at 12, Ex. 18 to Opposition, docket no. 171-18, filed Jan. 4, 2016. The New Jersey opinion Mr. Christison cites does not identify this portion of Dr. Major's report. Notice of Supplementary Authority. Plaintiff's Notice of Supplemental Authority for Plaintiff's Rule 72 Objection to the Magistrate's Order Denying Plaintiff's Motion for Leave to Amend First Amended Complaint, docket no. 189, filed June 8, 2016.

[40] Major Expert Report at 4.

[41] *Id.* at 12.

that is incorrect. Dr. Major clearly stated that he not only knew about the MLA, but also believed Biogen was dilatory in its development of the assay, which is the basis for the negligent undertaking claim. Thus, Mr. Christison had a valid basis to add a negligent undertaking claim to the lawsuit as early as January 2015, when Dr. Major's expert report was served on the Companies. Mr. Christison waited until December 2015 to attempt to do so. Judge Pead correctly concluded that there was no adequate explanation for the delay.

Mr. Christison's arguments about what might have happened if it brought a motion to amend in January 2015 are irrelevant because no motion to amend was filed at that time. The relevant facts are that Mr. Christison had knowledge in January 2015 of Biogen's possession of an assay to test for JC Virus antibodies and had an expert who argued that Biogen delayed making the assay commercially available, but Mr. Christison did not raise a claim for negligent undertaking until December 2015. Mr. Christison has not provided valid reasons for the delay.

Mr. Christison argues that his negligent undertaking claim was dependent on knowledge about the details revealed by the MLA about "quality control" and "negative control sera."[42] Mr. Christison states that after he received a copy of the MLA, it was clear that "Biogen was even further along in the development process than Plaintiff knew, and makes Biogen's negligence more clear."[43] But this argument shows that Mr. Christison already "knew" that Biogen was negligent, and the MLA made the "negligence more clear." Mr. Christison did not need to delay amendment to his complaint if he already "knew" Biogen was negligent in the development of the assay. Rather, the Federal Rules of Civil Procedure allow a plaintiff to raise an allegation if its "factual contentions have evidentiary support or, . . . *will likely have* evidentiary support after

---

[42] *See* Objection at 4 (arguing that the MLA showed that in addition to the assay, Biogen had "samples that served as positive and negative controls for the assay").

[43] *Id.* at 5.

a reasonable opportunity for further investigation or discovery[.]"[44] The argument made by Mr. Christison that the MLA made Biogen's negligence *more* clear shows that "Plaintiff [already] knew" about Biogen's "development process" before receiving a copy of the MLA and could have validly brought a claim for negligent undertaking in January 2015, or possibly earlier. It did not, and has not explained any valid reason for failing to doing so.

Timely adjudication of claims promotes the administration of justice and the "just, speedy, and inexpensive determination of every action and proceeding."[45] In this aging case, it would be prejudicial to the non-moving parties, to the court, and to the administration of justice to allow Mr. Christison now to add a claim which could have been raised much earlier.[46] Therefore, Judge Pead's ruling is correct with respect to Mr. Christison's failure to establish good cause for an untimely amendment.

Because Judge Pead's ruling can be affirmed on timeliness grounds, the additional ground of futility need not be addressed. When considering a motion to amend, a futility analysis "seems to place the cart before the horse."[47] Several courts have wisely declined to engage in a futility analysis at the motion to amend phase.[48]

---

[44] Fed. R. Civ. P. 11(b)(3).

[45] Fed. R. Civ. P. 1.

[46] *See Minter*, 451 F.3d at 1205 (The "longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court . . . ."); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (holding that district court did not abuse discretion in denying leave to amend when proposed amendment was filed four and a half months after the deadline for amending pleadings).

[47] *General Steel Domestic Sales, LLC v. Steelwise*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, *4 (D. Colo June 20, 2008) (unpublished).

[48] *See, e.g.*, *Fuller v. REGS, LLC*, No. 10-cv-01209-WJM-CBS, 2011 WL 1235688, *3 (D. Colo Mar. 31, 2011) (unpublished) ("The matter is better addressed in a motion to dismiss or motion for summary judgment, not here in the context of Rule 15(a)."); *D.R. Horton, Inc.-Denver v. Travelers Indem. Co. of America*, No. 10-cv-02826-WJM-KMT, 2011 WL 3489793, *2 (D. Colo. Aug. 9, 2011) (unpublished) (declining to address futility arguments); *JDK, LLC v. Hodge*, No. 15-cv-00494-NYW, 2015 WL 5766466, *2 (D. Colo. Oct. 2, 2015) (unpublished) ("With a mind to the interests of judicial economy, this court exercises its discretion in declining to engage in a detailed futility analysis where Defendants' arguments are better suited for consideration in the context of their Motions to Dismiss."); *Dakota Station II Condominium Assoc., Inc. v. Auto-Owners Ins. Co.*, No. 14-cv-2839-RM-NYW, 2015

## CONCLUSION

Mr. Christison had a valid basis to add a negligent undertaking claim as early as January 2015, when Dr. Major's expert report was served on the Companies. But Mr. Christison waited until December 2015 to raise it. Judge Pead correctly concluded that there was no adequate explanation for the protracted amendment.

## ORDER

IT IS HEREBY ORDERED that the Objection[49] is OVERRULED, Judge Pead's Decision[50] is AFFIRMED, and the Motion to Amend[51] is DENIED.

Dated June 23, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

WL 6591888, *4-5 (D. Colo. Oct. 30, 2015) (unpublished) (declining to engage in futility analysis); *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, *6 (D. Kan. Oct. 12, 2010) ("Defendants' arguments are better suited for resolution on a motion for summary judgment than a motion to amend.").

[49] Plaintiff's Rule 72 Objection to the Magistrate's Order Denying Plaintiff's Motion for Leave to Amend First Amended Complaint ("Objection"), docket no. 187, filed May 25, 2016.

[50] Memorandum Decision ("Decision"), docket no. 186, filed May 11, 2016.

[51] Plaintiff's Motion for Leave to Amend First Amended Complaint ("Motion to Amend"), docket no. 169, filed Dec. 15, 2015.